UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 FEB 23  AM 8:00

MARGARET ATKINS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Respondents, and<br><br>CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Intervenor-Respondents. | Case No. 22-CV-247-SWS (Lead Case) |
| WESTERN ENERGY ALLIANCE, *et al.*<br><br>Petitioners,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior, *et al.*,<br><br>Respondents, and<br><br>CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Intervenor-Respondents. | Case No. 22-CV-252-SWS (Joined Case) |
| WESTERN ENERGY ALLIANCE, *et al.*<br><br>Petitioners,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior, *et al.*,<br><br>Respondents, and<br><br>CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Intervenor-Respondents. | Case No. 23-CV-1-SWS (Joined Case) |

## ORDER GRANTING STATE OF WYOMING'S UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

In these consolidated cases, Petitioners sought judicial review of the U.S. Department of the Interior's failure to hold any lease sales of federal lands for the purpose of oil and gas development during the second and third quarters of 2021 as well as the third and fourth quarters of 2022. The Court determined the Department of Interior, acting through the U.S. Bureau of Land Management (BLM), failed to provide any contemporaneous basis or reasoning for not holding a Wyoming lease sale during the third quarter of 2022, which rendered it arbitrary and capricious and an abuse of discretion under the Administrative Procedure Act. (22CV247 ECF 75.) Petitioners' challenges to BLM's other failures to hold lease sales were unsuccessful for various reasons. (*Id.*) The Court ordered the parties to provide supplemental briefing concerning the appropriate remedy for the unlawful failure to hold a Q3 2022 lease sale. (*Id.*)

After the Court's decision and before the parties had submitted remedy briefing, Congress passed the "One Big Beautiful Bill Act" (OBBBA), which amended the Mineral Leasing Act and eliminated BLM's discretion to avoid holding quarterly lease sales. (22CV247 ECF 95 pp. 3-4 (describing the relevant changes enacted by the OBBBA).) "The Bureau has shown its willingness to comply with these crucial provisions by having a replacement sale at the end of December." (*Id.* p. 4.) Consequently, Petitioner State of Wyoming asserts its "harms have been adequately remedied." (*Id.*)

Wyoming now seeks to dismiss this matter without prejudice. (22VCV247 ECF 95.) The other parties do not oppose Wyoming's motion, though Intervenor-Respondents believe the dismissal should be with prejudice. (*Id.* p. 4.) Under Federal Rule of Civil Procedure 41(a)(2), a

lawsuit may be dismissed upon request by the complaining party "on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted).

On the question of dismissal with prejudice versus without prejudice, Wyoming's assertions in its motion to dismiss raise the specter of mootness without expressly mentioning it. If the OBBBA and BLM's actions now mean a court-ordered remedy would have no real-world, as opposed to theoretical, effect, then the redressability element of Article III standing is lacking. *We the Patriots, Inc. v. Grisham*, 119 F.4th 1253, 1257 (10th Cir. 2024). "[A]n issue is rendered moot when an event occurs during the pendency of the litigation which deprives a plaintiff of an element of standing, such as redressability." *Id.* "[F]ederal courts lack jurisdiction over moot issues due to a lack of a 'live case or controversy.'" *Id.* (quoting *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997)). In the end, the Court has not been given enough information to determine whether this action is in fact moot, but because of the existing concern, the Court will grant Wyoming's request to dismiss the matter without prejudice. *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (mootness is jurisdictional and any dismissal thereon must be without prejudice).

**IT IS THEREFORE ORDERED** that the State of Wyoming's Voluntary Motion to Dismiss Without Prejudice (ECF 95) is **GRANTED**. These consolidated cases are hereby **dismissed without prejudice**, with each party responsible for their own fees and costs. The Clerk of Court will please close this consolidated action.

**ORDERED**: February 22nd, 2026.

Scott W. Skavdahl
United States District Judge